UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID MATTHEW BURBANK,

    *Petitioner*,

vs.

DIRECTOR, NDOC, *et al.,*

    *Respondents*.

3:05-cv-0583-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#8) for a certificate of appealability (COA). Petitioner is seeking to appeal the Court's dismissal of the petition without prejudice for lack of exhaustion.

    When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

1  On the second prong of the *Slack* standard, the Court does not find that jurists of reason would find it debatable whether the petition was properly dismissed for lack of exhaustion. Over and above the Ninth Circuit authorities cited in the Court's prior order (#6), the Court notes that the United States Supreme Court held more than sixty years ago that the filing of an original petition for a writ of habeas corpus in a state high court fails to exhaust state judicial remedies where the state high court did not ordinarily entertain such petitions. *See Ex part Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88 L.Ed. 572 (1944); *see also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original writ in state high court).

IT THEREFORE IS ORDERED that petitioner's application (#8) for a certificate of appealability is DENIED.

DATED this 8th day of May, 2006.

_____
LARRY R. HICKS
United States District Judge